UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD SMITH,<br><br>        Plaintiff,<br><br>  vs.<br><br>STATE OF CALIFORNIA,<br><br>        Defendant.<br>_____/ | No. C 14-3506 PJH (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff is a condemned prisoner who seeks monetary damages and challenges the practices and procedures used to adjudicate death penalty appeals in California.  Plaintiff's conviction was recently affirmed in *People v. Bryant*, 60 Cal. 4th 335 (Aug. 25, 2014).  It is not clear if plaintiff will seek habeas relief in state court.  Court records indicate that plaintiff filed a pro se habeas petition in this court, No. C 14-1552 WHO, though plaintiff was convicted in Los Angeles County and the habeas petition does not specifically challenge his conviction but is similar to the instant complaint and challenges the procedures of prosecuting and appealing state death penalty cases.[1]

The court notes that plaintiff's complaint is similar to several complaints that have

---

[1] Plaintiff filed another similar case in this court challenging death penalty procedures. *See* No. C 14-0331 JSC.  That case was dismissed so plaintiff could challenge his conviction with a habeas petition.

been filed by other death row inmates.  *See Theodore Shove v. Brown*, N. D. Cal. Case No. C 12-211 RMW (dismissed for failure to state a claim and affirmed on appeal); *Duff v. Brown*, N. D. Cal. Case No. C 12-529 EMC (dismissed for failure to state a claim and for *Younger* abstention); *Paul Bolin v. Brown*, N. D. Cal. Case No. C 12-637 PJH (transferred to Eastern District of California, who ultimately dismissed complaint under *Younger* and *Heck*, and for failure to state a claim); *Richard Vieira v. Brown*, E. D. Cal. Case No. 12-cv-0044-AWI-MJS (dismissed for failure to state a claim and pursuant to *Younger* and *Heck*); Carlos Avena v. Brown, C. D. Cal. Case No. 12-cv-00485-UA-DUTY (denying in forma pauperis application because application was incomplete and the judicial officers had immunity from the suit); *Spencer Brasure v. Brown*, C. D. Cal. Case No. 12-CV-1027-UA-DUTY (denying in forma pauperis application because the court lacked jurisdiction; the complaint was frivolous, malicious or failed to state a claim; and the complaint sought monetary relief from a defendant immune from such relief).

To the extent that plaintiff wishes to challenge his conviction he must file a federal habeas petition in the appropriate court and raise claims that have been fully exhausted in state court.[2]  To the extent that plaintiff wishes to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *Id.* at 487.  As no amount of amendment would cure the

---

[2] The court notes that the California death penalty was recently declared unconstitutional in *Jones v. Chappell*, --- F.Supp.2d----, 2014 WL3567365 (C.D. Cal., July 16, 2014).  However, that ruling in the District Court for the Central District of California was brought pursuant to 28 U.S.C. § 2254.  This court is not bound by that decision and no injunction was issued in that case as the relief only applied to that petitioner.

deficiencies of the complaint, this action is dismissed with prejudice for failure to state a claim and as frivolous as plaintiff has filed other similar actions.

## CONCLUSION

1. This action is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

2. Plaintiff's motion to file additional exhibits (Docket No. 10) is **GRANTED** and the court has considered the exhibits.

3. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: October 15, 2014.

                                      PHYLLIS J. HAMILTON
                                      United States District Judge

G:\PRO-SE\PJH\CR.14\Smith3506.dis.wpd